IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BENJAMIN VERA, JR. ) | Case Number |
| ) | |
| Plaintiff ) | |
| vs. ) | |
| LEADING EDGE RECOVERY AND ) | CIVIL COMPLAINT |
| ) | |
| WELTMAN, WEINBERG & REIS CO.,) | |
| L.P.A. AND ) | JURY TRIAL DEMANDED |
| ) | |
| LVNV FUNDING, LLC ) | |
| Defendants' ) | |

**COMPLAINT AND JURY DEMAND**

**COMES NOW,** Plaintiff, Benjamin Vera, Jr., by and through his undersigned counsel, Bruce K. Warren, Esquire, and Brent F. Vullings, Esquire, of Warren & Vullings, LLP, complaining of Defendant and respectfully avers as follows:

I.   **INTRODUCTORY STATEMENT**

1.   Plaintiff, Benjamin Vera, Jr. (hereinafter "Plaintiff"), is an adult natural person and brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

II.   **JURISDICTION**

2.   Jurisdiction of this court arises under 15. U.S.C. § 1692k(d) and 28 U.S.C. §1337.

3. Venue in this District is proper in that one of the Defendant's maintains a primary office location in this District and transacts business in this District.

### III.   **PARTIES**

4. Plaintiff, Benjamin Vera, Jr., is an adult natural person residing at 971 Gretchen Lane, San Jose, CA 95101. At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5. Defendant, Leading Edge Recovery at all times relevant hereto, is and was a corporation engaged in the business of collecting debt within the State of Chicago and the State of California and has a principal place of business located at 5540 N. Cumberland Ave, Suite 300, Chicago, IL 60656.

6. Defendant, Weltman, Weinberg & Reis Co., L.P.A. ("Defendant"), at all times relevant hereto, is and was a limited partnership association engaged in the business of collecting debt within the State of California and the Commonwealth of Pennsylvania with a principal place of business located at 325 Chestnut Street, Suite 501, Philadelphia, PA 19106.

7. Defendant, LVNV Funding, LLC ("Defendant"), at all times relevant hereto, is and was a limited liability company engaged in the business of collecting debt within the State of South Carolina with a principal place of business located at 15 South Main Street, Suite 600, Greenville, SC 29601.

8. Defendants are engaged in the collection of debts from consumers using the telephone and mail. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV.   FACTUAL ALLEGATIONS

9.   Plaintiff is engaged in the services of the law firm of Persels & Associates, LLC to help aid him in his debt settlement negotiations.

10.   On or about May 14, 2009, with the help of Persels, Plaintiff settled with the Defendant, Leading Edge Recovery, on a debt allegedly owed to the Defendant, LVNV Funding, LLC/Credit One Bank account.

11.   The original debt was for approximately $1,260.00 and Defendant, Leading Edge Recovery, agreed to a full and final settlement amount of $518.00.

12.   Plaintiff's account would be considered settled in full upon receipt of this amount.  See **Exhibit "A" (settlement letter) attached hereto**.

13.   The settlement letter went on to state that the Plaintiff would be excused from further liability to Defendant, LVNV Funding, LLC, after payment was made.

14.   Plaintiff's first payment was to be $148.00 due on or before May 27, 2009 and the subsequent amount of $74.00 to be paid every month through October 10, 2009.

15.    On or about May 15, 2009, Persels, on behalf of the Plaintiff issued a check in the amount of $148.00 to pay off the above mentioned debt.  See **Exhibit "B" (check) attached hereto**.

16.   The check was received and accepted by the Defendant, Leading Edge Recovery.

17.   On or about June 5, 2010, Persels issued the second check to Defendant, Leading Edge Recovery, in the amount of $74.00 as required.  See **Exhibit "C" (check) attached hereto**.

18. The check was received and accepted by the Defendant, Leading Edge Recovery.

19. On or about July 6, 2009, Persels issued the third check to Defendant, Leading Edge Recovery, in the amount of $74.00. **See Exhibit "D" (check) attached hereto**.

20. The check was deposited by Defendant, Leading Edge Recovery, and not returned to the Plaintiff.

21. On or about August 5, 2009, the fourth check was sent to the Defendant, Leading Edge Recovery, in the amount of $74.00 as agreed upon. **See Exhibit "E" (check) attached hereto**.

22. The check was received and accepted and not returned by the Defendant, Leading Edge Recovery.

23. On or about September 8, 2009, the fifth check was sent to the Defendant, Leading Edge Recovery, in the amount of $74.00 as agreed upon. **See Exhibit "F" (check) attached hereto**.

24. This check was accepted and deposited by the Defendant, Leading Edge Recovery.

25. On or about October 5, 2009, Persels sent the sixth and final check of the settlement to Defendant, Lading Edge Recovery, in the amount of $74.00. **See Exhibit "G" (check) attached hereto**.

26. This check was accepted and deposited by the Defendant, Leading Edge Recovery.

27. Plaintiff now believed that the account was paid in full.

28. In January, 2010, Plaintiff started receiving calls from, Defendant, Weltman, Weinberg & Reis, trying to collect again on the above paid in full account.

29. Plaintiff has continuously informed Defendant, Weltman, Weinberg & Reis that the debt has already been paid, but the calls continued.

30. Plaintiff has forwarded copies of the cancelled check and the letter from Defendant, Leading Edge Recovery, as requested, however Defendant, Weltman, Weinberg & Reis, has continued to call and request payment on this matter.

31. Plaintiff has asked, Defendant, Weltman, Weinberg & Reis, to contact the law firm of Persels & Associates to discuss this matter.

32. Defendant, Weltman, Weinberg & Reis, falsely told the Plaintiff that Persels informed them that they were not handling this account and that they will continue to call and try to get full payment on this debt.

33. It appears as though Defendant, LVNV Funding, LLC sold this account to Defendant, Leading Edge Recovery, and then intentionally sold it again to Defendant, Weltman, Weinberg & Reis, in an unconscionable attempt to collect additional amounts on this account.

34. The Defendants knew or should have known that their actions violated the FDCPA. Additionally, Defendants could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

35. At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendants herein.

36. At all times pertinent hereto, the conduct of Defendants as well as their agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

### COUNT I – FDCPA

37. The above paragraphs are hereby incorporated herein by reference.

38. At all times relevant hereto, Defendants were attempting to collect an alleged debt which was incurred by the Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

39. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of 15 U.S.C. § 1692:

§ 1692c(a)(2): After it knows the consumer to be represented by an attorney

§ 1692d: Any conduct that natural consequence of which is to harass, oppress or abuse any person

§ 1692D(5): Caused the phone to ring or engaged any person in telephone conversations repeatedly

§ 1692e: Any other false, deceptive or misleading representation or means in connection with the debt collection

§ 1692e(2): Character, amount, or legal status of the alleged debt

§ 1692f: Any unfair or unconscionable means to collect or attempt to collect the alleged debt

WHEREFORE, Plaintiff respectfully requests that this court enter judgment in her favor and against Leading Edge Recovery, Weltman, Weinberg & Reis, Co., LPA, and LVNV Funding, LLC for the following:

    a.    Actual damages;

    d.    Statutory damages pursuant to 15 U.S.C. §1692k;

    c.    Reasonable attorney's fees and costs of suit pursuant to 15 U.S.C. §1692k; and

    d.    Such addition and further relief as may be appropriate or that the interests of justice require.

### V.    JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

Respectfully submitted,

**WARREN & VULLINGS, LLP**

Date: September 20, 2010

BY: */s/ Bruce K. Warren*
Bruce K. Warren, Esquire

BY: */s/ Brent F. Vullings*
Brent F. Vullings, Esquire

Warren & Vullings, LLP
1603 Rhawn Street
Philadelphia, PA  19111
215-745-9800   Fax 215-745-7880
Attorneys for Plaintiff